# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHARLES ELLIOTT,

    Petitioner,

vs.                                         No. CIV 96cv1362 JC/JHG

JOE WILLIAMS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S AMENDED PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Petitioner's (Elliott) Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Elliott, currently in state custody, attacks the Judgment and Sentence imposed in the case styled *State of New Mexico v. Charles Elliott*, and numbered CR 92-187, Fifth Judicial District Court, County of Chaves, State of New Mexico. On February 26, 1999, the United States Magistrate Judge issued Proposed Findings and Recommended Disposition which recommended that the Petition for a Writ of Habeas Corpus be denied. Both parties filed timely objections which are addressed herein.

The United States Magistrate Judge, having considered the arguments of counsel, pleadings, objections of both parties, record proper, supplemental record proper, relevant law, and being otherwise fully informed, finds the Petition for a Writ of Habeas Corpus is without merit and recommends that it be DENIED.

On September 25, 1992, Elliott was charged by criminal information with one count of criminal sexual penetration, one count of kidnaping, and one count of aggravated assault. Record Proper (RP) at 1. On October 5, 1992, Elliott entered a plea of not guilty. RP 28. The trial court

denied Elliott's motion to suppress statements on December 31, 1992.

The case proceeded to a jury trial on March 17-19, 1993. After jury selection, the state presented its opening statement. Elliott's trial counsel, Mr. Gallagher, reserved his opening statement. Mr. Gallagher made a motion in limine to exclude evidence of Elliott's prior bad acts raised in the state's opening statement. The trial court denied the motion.

At the conclusion of the state's case, Mr. Gallagher moved for a directed verdict. The trial court granted the motion as to the charge of aggravated assault, but denied it as to the remaining counts. Mr. Gallagher did not make an opening statement, and did not present any evidence. After the state's closing argument, Mr. Gallagher waived closing argument. The jury convicted Elliott of criminal sexual penetration and kidnaping. RP 86-88.

On August 5, 1993, the trial court entered an order deferring sentencing for five years contingent on successful completion of a rehabilitation program. RP 116-117. On February 15, 1994, an Amended Order Deferring Sentence and Order of Probation was entered which added five years of supervised probation. RP 126-127.

On December 1, 1994, the state filed a Petition to Revoke Probation. RP 130-131. On December 19, 1994, Elliott was committed to the Department of Corrections for a period of sixty days for the purpose of psychological and physical diagnosis. RP 178. On April 28, 1995, the trial court entered an Order Revoking Probation and Deferred Sentence and Returning Defendant to Probation, suspending the sentence and placing him on supervised probation for five years. RP 193-194. On August 4, 1995, the trial court entered an Order Revoking Probation, Imposition of Sentence and Commitment, sentencing Elliot to five years incarceration to be followed by two years parole. RP 273-274. On June 14, 1995, Elliot filed a Notice of Appeal and Motion to Accept Late

Filing of Appeal. RP 199-203. A different attorney was appointed to represent Elliott on appeal.

On May 3, 1996, the New Mexico Court of Appeals found Mr. Gallagher had been ineffective in his failure to file a timely notice of appeal, addressed the remaining issues, and denied relief on each of them. Elliott filed a petition for a writ of certiorari with the Supreme Court of New Mexico. The petition for a writ of certiorari was denied on June 24, 1996.

Elliott did not file a state petition for a habeas corpus and did not request an evidentiary hearing in state court.

Elliott filed his federal habeas corpus petition on March 2, 1996. In his brief in support of his petition, Elliott contends his conviction was secured in violation of his Sixth Amendment right to the effective assistance of counsel and Fourteenth Amendment right to due process, his statements were improperly admitted into evidence in violation of his Fourteenth Amendment right to due process, and his prior bad acts were improperly admitted into evidence in violation of his Fourteenth Amendment right to due process.

In his answer, Respondent raised the defense of failure to exhaust state remedies and filed a motion to dismiss for failure to exhaust state remedies because Elliott had failed to file a state habeas corpus petition. Elliott did not respond to the motion to dismiss. On December 2, 1997, the undersigned recommended that the motion to dismiss be denied. The undersigned reasoned that because Elliott had presented the issues raised herein to the New Mexico Supreme Court, it was not necessary to petition for collateral relief in order to exhaust state remedies. No objections were filed and the recommended disposition was adopted by the District Court on January 6, 1998.

The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this case because it was filed after April 24, 1996. *Lindh v. Murphy*, 117 S.Ct. 2059 (1997). The AEDPA imposed a one

3

year period of limitation to § 2254 proceedings. 28 U.S.C. § 2244(d). Respondent conceded, and this Court finds, the petition is timely under the AEDPA.

In his briefs and objections to the Proposed Findings and Recommended Disposition, Elliott requested a federal evidentiary hearing. Under the AEDPA, when evaluating a request for an evidentiary hearing in federal court, the initial question is whether the petitioner failed to develop the factual basis of a claim in state court. *Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998) (citing *Cardwell v. Green*, 152 F.3d 331, 337 (4th Cir. 1998)). In this case, Elliott did not request an evidentiary hearing in state court. Thus, Elliott failed to develop the factual basis of his claims in state court.

In cases where the applicant has failed to develop the factual basis of a claim in state court, the federal court shall not hold an evidentiary hearing unless the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court which was previously unavailable, or a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A). In the event the applicant is able to establish one of these exceptions, he must also demonstrate the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(B).

The question thus becomes whether Elliott has established an exception as set out in 28 U.S.C. § 2254(e)(2)(A). Elliott has not alleged or established his claims rely on a new rule of constitutional law, or a factual predicate that could not have been previously discovered through the exercise of due diligence. Therefore, Elliott's request for a federal evidentiary hearing should be denied.

Respondent argues the state courts' findings are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). The AEDPA increased the deference afforded the factual findings and legal determinations of state courts. *Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997). The AEDPA provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

28 U. S. C. § 2254(d)(1) and (2).

The AEDPA, unfortunately, provides no further illumination about the intended meaning of the terms and as a result there is a split among the circuits construing this section. Some circuits have held that AEDPA imposes a very high standard of deference. *See Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998), *cert. denied*, ____ U.S. ____, 119 S.Ct. 811, ____ L.Ed.2d ____ (1999); *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, ____ U.S. ____, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997)(*overruling on other grounds recognized by United States v. Carter*, 117 F.3d 262, 264 (10th Cir. 1997)), *cert. denied,* ___ U.S. ____, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997); *Green v. French*, 143 F.3d 865, 870 (4th Cir. 1998)*, cert. denied,* _____ U.S. ____, 119 S.Ct. 844, ____ L.Ed.2d ____ (1999). Other courts have held that the level of deference cannot be so high so as to interfere with the federal court's power to decide cases. *See O'Brien v. DuBois*, 145 F.3d 16 (1st Cir. 1998).

The Tenth Circuit employed the standard set forth in *Drinkard* in *White v. Scott*, 141 F.3d 1187 (table), 1998 WL 165162, *2 (10th Cir. April 9, 1998). Although this is an unpublished decision, the Court finds it appropriate to employ the same standard:

> An application of law to facts is unreasonable only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect. In other words, we can grant habeas relief only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.

*White v. Scott*, 1998 WL 165162 at *2; *Drinkard v. Johnson*, 97 F.3d at 769. Thus, the state court's determinations are entitled to deference unless the state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.

Respondent contends federal habeas review of portions of Elliott's claim of ineffective assistance of counsel is barred because Elliott procedurally defaulted portions of this claim in state court. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Thus, if Elliott defaulted his federal claims in state court, federal review may be barred.

In his briefs filed in the instant action, Elliott claims he received ineffective assistance of counsel because Mr. Gallagher failed to present an opening statement, failed to present a defense, and failed to present a closing statement. Elliott presented these same arguments on direct appeal. Answer, Exhibit T at 21-22. The United States Magistrate Judge finds the claim of ineffective assistance of counsel, as argued in the instant case, is sufficiently similar to the claim Petitioner raised

6

in his brief before the New Mexico Court of Appeals to avoid the application of a procedural bar to the issues as argued herein. *Ortega v. Williams,* ____ F.3d ____, 1999 WL 71715 (10th Cir. Feb. 16, 1999). Thus, the analysis will proceed to the merits of the claim of ineffective assistance of counsel.

Under applicable standards, the first step of the §2254(d) analysis looks to the clearly established federal law as determined by the Supreme Court. The case governing claims of ineffective assistance of counsel is *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The New Mexico Court of Appeals evaluated Elliott's claims under *Strickland*. The facts of this case were different from the facts of *Strickland.* In other words, the court of appeals result is not contrary to clearly established federal law within the meaning of § 2254(d). The only question, therefore, is whether the New Mexico Court of Appeals unreasonably applied *Strickland* to the facts of this case.

Under *Strickland*, a petitioner who claims ineffective assistance of counsel must show his attorney's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden of establishing both elements of *Strickland*.

The New Mexico Court of Appeals applied the analysis of *Strickland* and concluded Mr. Gallagher was not ineffective in failing to present opening and closing arguments and in declining to put on a defense. Answer, Exhibit W at 7-8. The court of appeals noted Mr. Gallagher may have believed the state's case was so weak or incredible that no further argument was needed, or that the cross-examination of the state's witnesses was the most effective strategy. *Id.* The New Mexico Court of Appeals' determination that Elliott did not receive ineffective assistance of counsel was not

7

so clearly incorrect that reasonable jurists considering the question would be of one view that the ruling was incorrect. *White v. Scott*, 1998 WL 165162 *2; 28 U.S.C. § 2254(d). Therefore, Elliott is not entitled to relief under § 2254 on his ineffective assistance of counsel claim.

Elliott next contends he was denied his Fourteenth Amendment right to a fair trial by the admission of his taped confession. After he was arrested, Elliott waived his Miranda rights and gave a taped statement to Detective Barela in which he admitted he pulled a knife on Toni Elliott, pushed her into the car, and "took her" against her will. Elliott also told Detective Barela he had taken heroin earlier that morning. Before trial, Mr. Gallagher moved to suppress the statement. The trial court denied the motion to suppress. At trial, the taped statement was played to the jury.

Both parties agree that *Colorado v. Connelly,* 473 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986) governs this issue. The New Mexico Court of Appeals evaluated Elliott's claims under *Connelly*. The facts of Elliott's case were different from the facts of *Connelly*. Thus, the result reached by the New Mexico Court of Appeals is not contrary to clearly established federal law within the meaning of § 2254(d). The only question, therefore, is whether the New Mexico Court of Appeals unreasonably applied *Connelly* to the facts of this case.

Under *Connelly*, coercive police activity is a necessary predicate to a finding that a confession is not voluntary within the meaning of the due process clause. *Colorado v. Connelly*, 479 U.S. at 167, 107 S.Ct. at 522. The New Mexico Court of Appeals found there was no evidence in the record to support a finding of police misconduct and concluded Elliott was not denied due process. Although Elliott had taken heroin, his ability to give a voluntary statement was not impaired. The state court's determination that the statement was voluntary and admissible was not so clearly incorrect that reasonable jurists considering the question would be of one view that the ruling was incorrect. *White*

*v. Scott*, 1998 WL 165162 *2; 28 U.S.C. § 2254(d). Therefore, Elliott is not entitled to relief under 28 U.S.C. § 2254 with respect to this claim.

Finally, Elliott contends his conviction was improperly secured by the state's use of prior bad act evidence, contrary to due process and Rule 404(b) of the New Mexico Rules of Evidence. The admissibility of evidence in a state criminal proceeding presents a matter of state law. *Vigil v. Tansy*, 917 F.2d 1277, 1280 (10th Cir.) *cert. denied* 498 U.S. 1100 (1991); *Nichols v. Sullivan*, 867 F.2d 1250, 1253 (10th Cir.) *cert. denied sub nom. Nichols v. Tansy*, 490 U.S. 1112 (1989). Without a showing of fundamental unfairness constituting a denial of due process or violation of some other constitutional right, evidentiary errors are not grounds for habeas relief. *Martin v. Kaiser*, 907 F.2d 931, 936 (10th Cir. 1990). In this case, Elliott has failed to make a showing of fundamental unfairness constituting a denial of due process or the denial of any other right. Therefore, Elliott is not entitled to relief under 28 U.S.C. § 2254 with respect to this claim.

## RECOMMENDED DISPOSITION

The request for a federal evidentiary hearing and the Petition for a Writ of Habeas Corpus, brought by a person in state custody pursuant to 28 U.S.C. § 2254, should be denied.

_____
**JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

Within ten days after a party is served with a copy of these amended proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such amended proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the amended proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.